ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 APR 27 PM 2: 15

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIS L. METHENY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 104-157 |
| | ) | |
| EVONNE SMITH, Counselor; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The above-captioned case was commenced pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was filed *in forma pauperis* and must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Subsequent to filing his complaint, Plaintiff filed an "amendment" to his complaint, in which he seeks to add a certain party as a defendant. Doc. no. 8. Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend once as a matter of course at any time before a responsive pleading is served. Thus, Plaintiff may amend as a matter of right. The Court will consider both Plaintiff's original complaint (doc. no. 1) and his "amendment"

/1.

(doc. no. 8) together as Plaintiff's entire complaint. Upon review of Plaintiff's complaint, the Court finds the following.

Plaintiff, an inmate confined in Hays State Prison in Trion, Georgia, has named the following nine (9) defendants: 1) Counselor Evonne Smith ("E. Smith"), 2) Counselor Anne Welch ("Welch"), 3) Unit Manager Chambliss ("Chambliss"), 4) Warden Derrick Schofield ("Schofield"), 5) Hospital Administrator D. Osborne ("Osborne"), 6) Administrative Assistant Jeanette Easley ("Easley"), 7) the Georgia Department of Corrections ("GDOC"), 8) Deputy Warden Brown ("Brown"), and 9) Law Clerk Kyle B. Parker ("Parker"). Plaintiff avers that on October 9, 2002, he was moved into a dorm with "Inmate Al Childs" even though Defendant Chambliss "was aware" that the two had had previous disagreements and had been placed in administrative segregation for "posing a threat to one another." Doc. no. 1, p. 3. Plaintiff also states that Defendant Welch had him placed in "12 Area," (presumably where Inmate Childs is housed) a part of the prison "reserved for incorrigibles" for no reason, even though she was also aware of the danger. Id. Thus, Plaintiff avers that Defendants Chambliss and Welch put him in close proximity with Inmate Childs even though they knew it was dangerous to do so.

Plaintiff, upset at being in "12 Area" with Inmate Childs, then allegedly "notified" Officer Chris Smith (who is not a named defendant) that he was in danger and requested to be moved, to no avail. Id. Plaintiff made a similar request to Defendant Brown who purportedly ordered the "immediate movement" of Plaintiff to be effected by Defendant E. Smith and "Lt. Caswell" (another person who is not a named defendant), but that Defendant Brown failed to act to make sure Plaintiff was actually moved. Id. Plaintiff avers that

2

Defendant E. Smith failed to move him at all, and that as a result he was the victim of an assault by Inmate Childs on October 13, 2002, which resulted in physical injury. Id. at 3-4. Plaintiff vaguely suggests that Defendants Osborne and Schofield and others "are likely culpable," as well. Id. at 4.

In addition, Plaintiff avers that he has been wrongfully forced to pay a $5.00 co-pay for his medical expenses, as well as fees for certain prison property damaged during his altercation with Inmate Childs. Id. at 4. Plaintiff asserts that Defendants Osborne and Easley are somehow responsible for the wrongful assessment of these costs against Plaintiff. Finally, Plaintiff also explains that he has repeatedly attempted to bring an action regarding these facts in state court. Id. at 1; see also doc. nos. 4, 8. In his amendment, Plaintiff avers that Defendant Parker, apparently an employee of the "Augusta Judicial Circuit," has acted in some way to prevent him from timely filing his case in state court by delaying the filing of his state action.[1] Doc. no. 8, p. 1.

## II. DISCUSSION

### A. Defendant Schofield

Defendants Schofield seems to be named as a defendant in this case merely because of his position as Warden. At best, Plaintiff alleges that this Defendant is liable for the acts of his subordinates. However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)(internal quotation marks

---

[1]Apparently, Plaintiff's complaint has been repeatedly returned in the past for his failure to properly fill out certain forms. Doc. no. 8, p. 1.

3

and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate either that the supervisor personally participated in the alleged constitutional violation, or that there is a causal connection between the actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that this Defendant was personally involved in the events regarding his altercation with Inmate Childs.

Similarly, Plaintiff fails to allege a causal connection between this Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring affirmative causal connection between a defendant and the alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). Plaintiff has alleged neither with respect to this Defendant. As a result, the Court **REPORTS** and **RECOMMENDS** that Defendant Schofield be

---

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). Plaintiff has not made allegations of "widespread abuse," let alone made allegations that this Defendant is the supervisor responsible for correcting any such widespread abuse.

4

**DISMISSED** from this case.[3]

**B.  Defendant GDOC**

Plaintiff has also sued the entity GDOC. He makes no allegations regarding Defendant GDOC, although he perhaps may be attempting to hold GDOC liable on a theory of *respondeat superior* based on an alleged failure to properly supervise staff or to implement a sufficient policy to prevent the occurrence of the events described in the complaint. Doc. no. 1, p. 2. However, employers, like supervisory officials, cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2000)(citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). In sum, Plaintiff has offered no basis upon which to suppose that GDOC may be held liable under § 1983.[4] Accordingly, the Court

---

[3]Plaintiff may also be alleging that Defendant Schofield mishandled his grievances. Doc. no. 1, p. 2. However, the mishandling of a prisoner grievance does not rise to the level of a constitutional violation, and thus does not generate a cognizable § 1983 claim. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989)(*per curiam*); Rienholtz v. Campbell 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999)(Table).

[4]Of course, as GDOC is a state agency, it is immune from suit under § 1983. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are thus also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Stevens, 864 F.2d at 115 (GDOC is barred from suit by Eleventh Amendment). Regardless, GDOC is due to be dismissed because of the lack of causal connection to the events about which Plaintiff complains.

5

**REPORTS** and **RECOMMENDS** that Plaintiff's claims against Defendant GDOC be **DISMISSED**.

C.    **Defendants Osborne and Easley**

First, the Court recalls Plaintiff's bald assertion that Defendants Schofield and Osborne, as well as others, are "likely culpable." Doc. no. 1, p. 4. To the extent that this vague accusation is meant to state a claim against Defendant Osborne--or any other Defendant--based on *respondeat superior*, any such claim is due to be dismissed for the reasons discussed above with reference to Defendant Schofield. However, Plaintiff's claims against Defendants Osborne and Easley seem to revolve around fees Plaintiff feels these Defendants wrongfully assessed against him regarding his medical treatment and prison property destroyed during his altercation with Inmate Childs. The Court begins by noting that Plaintiff's claims against these Defendants are stated in vague and conclusory fashion, and are subject to dismissal on that basis. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)(civil rights complaint against individuals must contain more than vague and conclusory accusations).[5]

Regardless, Plaintiff's claims against these Defendants are dubious because the

---

[5] The Court is aware that no "heightened pleading requirement" exists in cases against entities which cannot raise qualified immunity as a defense--however, civil rights claims brought against individual officials must contain some *facts* upon which to determine whether a constitutional right has been violated. Swann v. Southern Health Partners, 388 F.3d 834, 837-38 (11th Cir. 2004). *Pro se* prisoners are not excepted from this requirement. McCain v. Scott, 9 F. Supp.2d 1365, 1369 (M.D. Ga. 1998). The Court will not direct service of Plaintiff's complaint to a defendant where Plaintiff has alleged no facts beyond a conclusory accusation.

6

alleged fees provide no basis upon which to suppose a constitutional violation has occurred. First, to the extent these claims represent damages Plaintiff has sustained as a result of other Defendants' alleged deliberate indifference to Plaintiff's safety, the Court sees no reason to sanction separate claims against these two Defendants. In other words, Plaintiff's medical expenses arising out of the alleged altercation are not an occasion for a separate claim. (Plaintiff does not aver that he was denied medical care because of a refusal or inability to pay the $5.00 fee.) The Court simply sees no legal basis for a constitutional claim arising from the mere assessment of a medical co-payment--a prisoner has no constitutional right to completely free medical care. See, e.g., Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997); Hutchinson v. Belt, 957 F. Supp. 97, 98-100 (W.D. La. 1996).

As to the withdrawal of his funds to pay for property damage, the State of Georgia has established an adequate state remedy for deprivations of inmate property, including money wrongfully taken from an inmate trust account. Simply put, Plaintiff's claim regarding the assessment for destruction of prison property arises under state law, not § 1983. See, e.g., Cargill v. Zant, 207 Ga. App. 393, 393-94, 427 S.E.2d 809, 810 (1993)(explaining that inmate has a claim for wrongful seizure of his funds as restitution for destruction of state property under Georgia law). In sum, Plaintiff alleges no facts which could give rise to federal jurisdiction over his purely state law claims regarding his prison trust account funds. The Court **REPORTS** and **RECOMMENDS** that Defendants Osborne and Easley be **DISMISSED**.

### D. Defendant Parker

Lastly, Plaintiff blames Defendant Parker for an alleged refusal to file his state suit

7

in a timely fashion (Apparently, this alleged suit is pending and the complaint has actually been filed.). Doc. no. 1, p. 2; doc. no. 8, pp, 1-2. Prisoners do have a constitutional right under the Fourteenth Amendment to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). "The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). No action, even withholding an inmate's legal papers, gives rise to a constitutional deprivation of access to the courts unless actual injury can be shown. See, e.g., Davis v. Gourd, 320 F.3d 346, 351-52 (2d Cir. 2003); Oliver v. Fauver, 118 F.3d 175, 176 (7th Cir. 1997); Pearson v. Simms, 345 F. Supp.2d 515, 519 (D. Md. 2003); The Eleventh Circuit has further explained the actual injury requirement:

> This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Wilson, 163 F.3d at 1290-91 (citations omitted).

Plaintiff's nebulous reference to a state court action purportedly involving the same facts as this case utterly fails to make any showing that Defendant Parker's actions have *prejudiced his pursuit of a nonfrivolous, post-conviction claim or civil rights action.*[6] Plaintiff

---

[6]The Court also emphasizes here that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Wilson, 163 F.3d at 1291. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355. Plaintiff has not shown that his alleged state court

8

has not met the actual injury requirement. Any action by Defendant Parker has not "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)(*per curiam*)). Thus, Plaintiff has not established standing to bring an "access to courts" claim. Wilson 163 F.3d at 1291. In addition, judicial officers such as Defendant Parker are immune from suit when carrying out their discretionary duties. See, e.g., Mireles v. Waco, 502 U.S. 9, 9-10 (1991)(*per curiam*). Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant Parker be **DISMISSED**.

### III. CONCLUSION

The Court finds, for the reasons set forth above, that Plaintiff has failed to state a viable claim for relief as to Defendants Schofield, Osborne, Easley, GDOC, and Parker. Accordingly, the Court **REPORTS** and **RECOMMENDS** that these Defendants be **DISMISSED**.[7]

SO REPORTED and RECOMMENDED this 27th day of April, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

case is a nonfrivolous case involving fundamental constitutional rights, much less that he has actually been prejudiced in his pursuit of such a case.

[7] As to the remaining defendants, the Court has directed, by separate Order, that service of process be effected for Plaintiff's Eighth Amendment claims against them.

9

# United States District Court
## Southern District of Georgia

METHENY )

vs ) CASE NUMBER CV104-157

SMITH ) DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 04/27/05, which is part of the official record of this case.

Date of Mailing: 04/27/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: Joe Howell
Joe Howell, Deputy Clerk

<u>Name and Address</u>

WILLIS L. METHENY, #26345, HAYS S.P., P.O. BOX 668, TRION, GA 30753

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate