# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN 23 PM 12: 11

SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF GEORGIA

### AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIS L. METHENY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 104-157 |
| | ) | |
| EVONNE SMITH, Counselor; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER

---

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the above-captioned complaint pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R & R") and Plaintiff's pending motion to amend his complaint. After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation. (Doc. no. 11). Accordingly, Defendants Schofield, GDOC, Osborne, Easley, and Parker are **DISMISSED** because Plaintiff has failed to state a viable claim against them. Upon due consideration, the Court also **GRANTS** Plaintiff's motion to amend his complaint (doc. no.16), subject to the conditions explained herein.

## A. Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended the dismissal of Defendants Schofield, GDOC, Osborne, Easley, and Parker. In large part, Plaintiff's objections to these recommendations are immaterial and need not be addressed explicitly. That having been said, the Court will

address Plaintiff's assertion that his denial of access to the courts claim against a clerk, Defendant Parker, should not be dismissed. (Doc. no. 15, p. 4). The Magistrate Judge correctly noted that Plaintiff has not shown that he has been prejudiced in the pursuit of a nonfrivolous post-conviction or civil rights claim.

More importantly, Plaintiff here avers simply that Defendant Parker refused to file his complaint because Plaintiff failed to use the proper forms. (Doc. no. 8, p. 1). Even assuming that Plaintiff has some constitutional right to pursue his alleged claims in state court, a clerk's decision not to file a complaint for failure to follow procedural rules, even if erroneous, does not rise to the level of a constitutional claim. See Snyder v. Nolen, 380 F.3d 279, 282-84, 291 (7th Cir. 2004)(*per curiam*). Moreover, contrary to Defendant's argument, when Defendant Parker allegedly refused to file Plaintiff's complaint, he was carrying out a discretionary function as a judicial officer, and so is entitled to immunity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991)(*per curiam*)(judicial officers entitled to immunity); Slater v. Spence, 246 Ga. App. 365, 366-67, 540 S.E.2d 638, 639-40 (2000)(clerk has discretion to refuse to file complaint for failure to pay filing fee); see also Schwarz v. Kogan, 132 F.3d 1387, 1393 n.5 (11th Cir. 1998)(clerk's return of petition unfiled did not violate petitioner's constitutional rights where he had other avenues to seek state judicial review).

In sum, the R & R is **ADOPTED** as the opinion of the Court. Defendants Schofield, Osborne, Easley, GDOC, and Parker are **DISMISSED** because Plaintiff has failed to state viable claims against them.

## B. Motion to Amend

Because Plaintiff has already amended his complaint once, he may not do so again

without leave of court. Fed. R. Civ. P. 15(a). As a general rule, leave to amend is freely given. Foman v. Davis, 371 U.S. 178, 182 (1962). "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473. The decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A 1981). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982)(quoting Foman, 371 U.S. at 182).

Here, there is no evidence that Plaintiff has unduly delayed in seeking leave to amend or acted in bad faith. In addition, as no defendant has yet filed an answer, there is no prejudice to any defendant. That having been said, Plaintiff's proposed amendment is improper. First, an amended complaint generally supercedes and replaces a previous one. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). In an attempt to "supplement" the claims of the original complaint, Plaintiff omits many of the apparently central facts in his original complaint, and instead simply makes passing references to his original complaint. (See doc. no. 16, p. 1). Plaintiff's attempt to amend his complaint piecemeal is improper.

Moreover, in writing up his own amended complaint, Plaintiff has not provided all of the information requested (and required) by the standard complaint form used by incarcerated litigants in the Southern District of Georgia. In particular, Plaintiff has not provided the necessary information concerning exhaustion of administrative remedies as to all of the claims included in his amended complaint. Finally, Plaintiff spends a considerable amount of space making legal arguments rather than simply presenting a plain and short statement of his claims, as the Federal Rules of Civil Procedure require. See Fed. R. Civ. P. 8(a).

Nonetheless, the Court recognizes that Plaintiff is proceeding *pro se* and will allow him to amend his complaint. Accordingly, Plaintiff shall have fifteen (15) days from the date of this Order to file an amended complaint that complies with the instructions set forth below.[1] Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint in accordance with 28 U.S.C. § 1915A to determine which, if any, claims are viable and which, if any, new defendants should be served with a copy of the amended complaint.

First, the Court reminds Plaintiff of his obligation to file "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Embellishment, hyperbole, and legal argument are to be avoided. Further, the amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and

---

[1] The **CLERK** is **DIRECTED** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia to Plaintiff's copy of this Order. While Plaintiff may provide an attachment to this form for his statement of claim, he should complete all portions of this form.

replace in its entirety the previous documents filed by Plaintiff. <u>Malowney</u>, 193 F.3d at 1345 n.1; <u>King</u>, 31 F.3d at 346. It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

---

[2] For example, Plaintiff should not simply state, "See attached documents."

Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, additional defendants should be served with a copy of the amended complaint. If no timely response is received from Plaintiff, the Court will presume that Plaintiff desires to pursue this case in accordance with this Court's April 27, 2005 Order (doc. no. 13) directing service of process on Defendants Chambliss, Welch, Brown, and E . Smith.

SO ORDERED this 28th day of June, 2005, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

# FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
### in the UNITED STATES DISTRICT COURT for the SOUTHERN DISTRICT of GEORGIA

_____

_____

_____

_____

(Enter above full name of plaintiff or plaintiffs)

v.

_____

_____

_____

_____

(Enter above full name of defendant or defendants)

I.      Previous lawsuits

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?    Yes _____ No _____

        If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.    Parties to this previous lawsuit:

            Plaintiffs: _____

            Defendants: _____

        2.    Court (if federal court, name the district; if state court, name the county):

            _____

        3.    Docket number: _____

        4.    Name of judge assigned to case: _____

5. Disposition
(for example, was the case dismissed? appealed? is it still pending?):

_____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

8. Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?      Yes _____   No _____

B. While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?
                       Yes _____   No _____

If your answer to B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to previous lawsuit:

Plaintiffs: _____

Defendants: _____
                   _____

2. Court (name the district):

_____

3. Docket number: _____

4. Name of judge assigned to case: _____

5. Disposition
(for example, was the case dismissed? appealed? is it still pending?):

_____

6. Approximate date of filing lawsuit: _____

2

7. Approximate date of disposition: _____

8. Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?　　　　　　　　　　　　　　　　　Yes _____ No _____

C. As to any lawsuit filed in federal court where you were allowed to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?　　　　　　　　　　Yes _____ No _____

　　1. If your answer to C is yes, name the court and docket number for each case:

　　　_____　_____
　　　_____　_____
　　　_____　_____


II. Place of present confinement: _____

A. Is there a prisoner grievance procedure in this institution? Yes ____ No ____

B. Did you present the facts relating to your complaint to the appropriate grievance committee?　　　　　　　　　　　　　　　Yes ____ No ____

C. If your answer to B is yes:

　　1. What steps did you take? _____
　　　_____
　　　_____
　　　_____
　　　_____
　　　_____

　　2. What was the result? _____
　　　_____
　　　_____
　　　_____
　　　_____
　　　_____

3

3.    Did you appeal any adverse decision to the highest level possible in the
      administrative procedure?                          Yes _____ No _____

      If yes, what was the result? _____
      _____
      _____
      _____

D.    If you did not utilize the prison grievance procedure, explain why not: _____
      _____
      _____

IV.   Parties

      (In Item A below, list your name as plaintiff and current address.  Provide the name
      and address of any additional plaintiffs on an attached sheet.)

A.    Name of plaintiff:    _____
      Address:              _____
                            _____
                            _____

      (In Item B below, list the defendant's full name, position, place of employment, and
      current address.  Provide the same information for any additional defendants in Item
      C below.)

B.    Name of defendant:      _____
      Position:               _____
      Place of employment:    _____
      Current address:        _____
                              _____

C.    Additional defendants: _____
      _____
      _____
      _____
      _____
      _____
      _____

4

## V. Statement of Claim

State here as briefly as possible the FACTS in your case. Describe how each defendant is personally involved in the depriving you of your rights. You must include relevant times, dates, places, and names of witnesses. DO NOT GIVE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

VI.    Relief

State briefly exactly what you want the court to do for you.  Make no legal
arguments.  Cite no cases or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 19____.


Prisoner No. _____            _____
                                        (Signature of Plaintiff)

# United States District Court
## *Southern District of Georgia*

METHENY

)

VS

)

CASE NUMBER  CV 104-157

SMITH

)

DIVISION  AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.  Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.  That the aforementioned enveloped contained a copy of the document dated 06/28/05 , which is part of the official record of this case.

Date of Mailing:    06/28/05

Date of Certificate    ☒ same date,    or _____

Scott L. Poff,  Clerk

By:  *Joe Howell*
Joe Howell, Deputy Clerk

Name and Address

WILLIS L. METHENY SERVED @ PRISON ADDRESS

☐ Copy placed in Minutes
☒ Copy given to Judge
☒ Copy given to Magistrate