ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 AUG 22 PM 1: 16

CLERK _L. Thadus_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIS L. METHENY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 104-157 |
| | ) | |
| EVONNE SMITH, Counselor; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the above-captioned complaint pursuant to 42 U.S.C. § 1983. On April 27, 2005, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (See doc. nos. 11, 13). The Court determined that Plaintiff had failed to state a claim against a number of Defendants, and dismissed them. (See doc. no. 11, *adopted by* doc. no. 19). On the other hand, the Court directed service of Plaintiff's claims of deliberate indifference to a substantial risk to his safety against Defendants Chambliss, Welch, Brown, and E. Smith. (Doc. no. 13, p. 3). Later, Plaintiff sought and was granted permission to file an amended complaint; this pleading is now properly before the Court. (Doc. no. 21).

Plaintiff's complaint was filed *in forma pauperis* and must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28

U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

Plaintiff names the following individuals as Defendants: (1) Counselor Evonne Smith ("E. Smith"), (2) Counselor Anne Welch ("Welch"), (3) Deputy Warden Dennis Brown ("Brown"), (4) Deputy Warden Whitaker ("Whitaker"), (5) Christopher Smith ("C. Smith"), (6) Lieutenant Coswell ("Coswell"), (7) Warden Derrick Schofield ("Schofield"), (8) Commissioner James Donald ("Donald"), and (9) Unit Manager Chambliss ("Chambliss"). Plaintiff maintains that Defendants Whitaker, Welch, and E. Smith, as members of a "classification committee" had him moved into an area of prison used for problem inmates, where Plaintiff was later assaulted by another inmate, named "Childs." (Doc. no. 21, p. 5). Plaintiff avers that these Defendants knew that placing Plaintiff in close proximity with Childs would be dangerous (according to Plaintiff, he and Childs have an unhappy history), but refused to ensure Plaintiff's safety. (Id. at 5-7).

Plaintiff maintains that he told Defendant C. Smith that he was receiving threats from Childs prior to the alleged assault, but that Defendant C. Smith did nothing. (Id. at 6-7). Plaintiff similarly avers that Defendant Chambliss knew of the risk involved in Plaintiff's placement, but took no action to prevent the assault. Plaintiff also communicated his fears to Defendants Coswell, E. Smith, and Brown, who did nothing. (Id. at 7). Plaintiff alleges that Childs's assault has left him with permanent physical and emotional scars. (Id. at 8-10).

Also, in Plaintiff's words, "add[ing] insult to injury," following the assault he was given a "disciplinary report" and forced to pay a $4.00 fee.[1] (Id. at 10). Plaintiff blames

---

[1] Apparently, there was a disciplinary hearing after Plaintiff's altercation with Childs. (Doc. no. 1, p. 21).

2

Defendants Donald and Schofield for this fee, which Plaintiff asserts is illegal. (Id. at 10-11). By separate Order, the Court has directed service of a number of Plaintiff's claims; however, some of his amended claims fail to state a claim upon which relief may be granted, and the Court herein recommends that these claims be dismissed.

## II. DISCUSSION

A.   **Defendants Schofield and Donald**

Defendants Schofield and Donald seem to be named as defendants in this case merely because of their positions as Warden and Commissioner. At best, Plaintiff alleges that these Defendants are liable for the acts of subordinates. However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)(internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate either that the supervisor personally participated in the alleged constitutional violation, or that there is a causal connection between the actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged, beyond vague and conclusory allegations, that these Defendants were personally involved in the events regarding his altercation with Childs. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)(civil rights complaint against individuals must contain more than vague and conclusory accusations).[2]

---

[2]The Court is aware that no "heightened pleading requirement" exists in cases against entities which cannot raise qualified immunity as a defense--however, civil rights claims

3

Similarly, Plaintiff fails to allege a causal connection between these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring affirmative causal connection between a defendant and the alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). Plaintiff has alleged neither with respect to these Defendants. As a result, the Court **REPORTS** and **RECOMMENDS** that Defendants Donald and Schofield be **DISMISSED** from this case.[4]

---

brought against individual officials must contain some *facts* upon which to determine whether a constitutional right has been violated. Swann v. Southern Health Partners, 388 F.3d 834, 837-38 (11th Cir. 2004). *Pro se* prisoners are not excepted from this requirement. McCain v. Scott, 9 F. Supp.2d 1365, 1369 (M.D. Ga. 1998). The Court will not direct service of Plaintiff's complaint to a defendant where Plaintiff has alleged no facts beyond a conclusory accusation.

[3] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). Plaintiff has not made allegations of "widespread abuse," let alone made allegations that these Defendants are the supervisors responsible for correcting any such widespread abuse.

[4] Plaintiff may also be alleging that these Defendants mishandled his grievances. However, the mishandling of a prisoner grievance does not rise to the level of a constitutional violation, and thus does not generate a cognizable § 1983 claim. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989)(*per curiam*); Rienholtz v. Campbell 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999)(Table).

### B. Claims Related to $4.00 Disciplinary Report Fee

To stave off any argument that Defendants Donald and Schofield are nevertheless proper defendants because of Plaintiff's claims regarding a $4.00 fee related to a "disciplinary report," the Court notes that here Plaintiff fails to state a claim. Plaintiff maintains that the imposition of the $4.00 fee was unconstitutional. (Doc. no. 21, p. 11). In essence, it appears Plaintiff was assessed a processing fee associated with a disciplinary proceeding against him.

Here, Plaintiff has simply been forced to bear a trivial percentage of the State's costs in confining and disciplining him. Courts have routinely upheld the assessment of small fees associated with the costs of incarceration. See, e.g., Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 246 (4th Cir. 2005)(upholding constitutionality of $1.00/day free assessed to pretrial detainees); Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 417-24 (3d Cir. 2000)(upholding fees for costs of incarceration); Taylor v. Sebelius, 350 F. Supp.2d 888, 894-900 (D. Kan. 2004)($25.00 "supervision fee" constitutional). Moreover, the Court is not persuaded that the imposition of a $4.00 fee, even if undertaken as part of Defendants' disciplinary action against Plaintiff, amounts to a claim of constitutional magnitude. See Ferguson v. Walker, No. 2:04-CV-397, 2005 WL 1036677, at *2 (E.D. Tenn. May 4, 2005)($5.00 fee assessed following disciplinary hearing not a basis for constitutional claim).

In conclusion, the Court also notes that, to the extent Plaintiff maintains that this fee was assessed unfairly or wrongfully, it is not apparent to the Court what basis could exist for federal jurisdiction over an apparent state law tort claim regarding the conversion of prison

5

trust account funds.[5] In sum, Plaintiff's claims regarding the $4.00 disciplinary report fee fail to state a claim upon which relief may be granted, and the Court **REPORTS** and **RECOMMENDS** that they be **DISMISSED**.

### III. CONCLUSION

The Court finds, for the reasons set forth above, that Plaintiff has failed to state a viable claim for relief as to Defendants Schofield and Donald. Accordingly, the Court **REPORTS** and **RECOMMENDS** that these Defendants be **DISMISSED**. Likewise, as Plaintiff's allegations regarding Defendants' assessment of a $4.00 fee against him fail to state a viable claim, the Court **REPORTS** and **RECOMMENDS** that these claims also be **DISMISSED**.

SO REPORTED and RECOMMENDED this 22nd day of August, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court is aware that Plaintiff avers that he has "no available state remedy," but notes that Plaintiff has offered nothing in support of this statement. (Doc. no. 21, p. 11). If Plaintiff believes his funds have been wrongfully converted, he may bring a tort action in state court. See Byrd v. Stewart, 803 F.2d 1168, 1170 (11th Cir. 1986)(*per curiam*), *vacated on other grounds by*, 811 F.2d 554 (11th Cir. 1987)(*per curiam*); see also Cargill v. Zant, 207 Ga. App. 393, 393-94, 427 S.E.2d 809, 810 (1993)(explaining that inmate has a claim for wrongful seizure of his funds under Georgia law); O.C.G.A. §§ 51-10-1 & 44-12-152. In fact, Plaintiff avers that he has brought a state court action involving the same facts as the instant case which is presently pending. (Doc. no. 21, pp. 1-2).

6

# United States District Court
## Southern District of Georgia

METHENY )

vs ) CASE NUMBER CV 104-157

SMITH ) DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 08/22/05, which is part of the official record of this case.

Date of Mailing: 08/22/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

<u>Name and Address</u>

WILLIS L. METHENY SERVED @ PRISON ADDRESS
JOHN C. JONES
MARLA-DEEN BROOKS

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate